## NOBLE v. COTHRAN.

1. A sheriff cannot refuse to enforce an execution in his office for a balance due by sureties, although after such judgment a former judgment for a less sum against the principal debtor on the same debt had been satisfied.

2. An unsatisfied judgment against the principal debtor cannot be pleaded in bar of an action on the same debt against the sureties; and judgment may be had against the sureties for the sum then due upon the note sued on.

3. Judgment obtained against a principal debtor on a note bearing twelve per cent. interest (a judgment bearing only seven per cent.) was paid after a subsequent judgment had been entered against the sureties for a greater sum, resulting from the difference in interest; execution was then issued against the sureties for such difference as an unpaid balance. *Held,* that the execution against the sureties was not satisfied, and that they were liable for its payment.

Before FRASER, J., Abbeville, November, 1881.

The opinion states the case.

*Mr. Armistead Burt,* for appellant.

*Mr. E. Noble,* contra.

April 24th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a rule upon the sheriff, DuPre, for not collecting and paying over a balance alleged to be due the plaintiff on the execution issued in the case of *Andrew A. Noble, Executor,* v. *James S. Cothran and William H. Parker.*

It appeared that April 30th, 1872, Miller & Robertson, with the defendants, Cothran and Parker, as sureties, executed a note for $600 to William P. Noble. The terms of the note were "we, or either of us, promise to pay;" and the interest at twelve per cent. per annum was made "payable annually." The plaintiff, as executor of the payee, sued the principal debtors, Miller & Robertson, and on May 19th, 1876, obtained judgment against them for the sum of $785.69, counting the interest at twelve per cent. up to the time of the rendition of the judgment, which, of

course, afterwards bore interest only at the legal rate of seven per cent. per annum.

The executor also sued in a separate action the defendants, sureties, who, upon some ground, filed a demurrer, which was overruled, and, on February 17th, 1879, judgment was rendered against them for $938.45, the difference in the amount of the judgment and that rendered against the principal debtors, arising from the addition of the interest at twelve per cent. which had accumulated against the sureties in the meantime. Execution was issued on this judgment January 26th, 1881, not for the whole amount recovered, but for the sum of $238.22, balance.

Before the last judgment was obtained against the sureties, an amount sufficient to satisfy the judgment against the principal debtors, and costs, had been paid to plaintiff's attorney, except a balance of $146.70, which was tendered by the sheriff to the plaintiff's attorney, on January 22d, 1881, after the judgment had been obtained against the sureties, February 17th, 1879, but before the execution was lodged against them, January 26th, 1881. The plaintiff refused to receive the balance due on the execution in the first case against the principals, in which, after judgment, the interest was running at seven per cent., and ruled the sheriff, Du Pre, for not collecting and paying over to him the whole amount of the execution issued upon the second judgment against the sureties, viz., the sum of $238.22, which was larger than the judgment against the principal debtors, by the additional five per cent. interest which was calculated on the note against the sureties, during the period intervening between the first judgment against the principals and the second against the sureties.

The sheriff in his return stated the facts as above given and concluded as follows: "The respondent has been advised, and has in good faith acted upon the advice, that as the judgment against Miller & Robertson and that against Cothran and Parker were upon the same note, in which the former were principals and the latter were sureties; the payment of the judgment against the principals was satisfaction of the judgment against Cothran and Parker, the sureties to the same debt, and that he,

consequently, could not levy the property of the latter for a debt which has been paid."

The return came up before Judge Fraser, who held that the late case of *Hellams* v. *Abercrombie*, 15 *S. C.* 110, covered the point, and was conclusive against the defendants. He ordered that the rule against the sheriff should be made absolute, and from this order the defendants appeal to this court upon the following grounds: "1. Because a creditor cannot recover or collect from a surety a greater sum than he can from the principal debtor. 2. Because the payment and satisfaction of the judgment against Miller & Robertson, the principal debtors, was an extinguishment of the several judgment against J. S. Cothran and W. H. Parker, their sureties. 3. Because payment or satisfaction of the debt of the principal debtor, is the performance and satisfaction of the contract of the surety and his discharge from all liability for his promise. 4. Because the relation of a surety to his principal is the same after judgment as before, and his liability is only secondary, and it was error in the presiding judge to hold that the liability of the sureties was not ended as soon as the debt of their principals was paid and satisfied and they discharged from their liability to the creditor."

The exceptions seem to charge error in the order of the Circuit judge making the rule absolute against the sheriff, upon two grounds, which, for the sake of clearness, we will consider separately. They allege first that a creditor cannot legally recover a larger sum against a surety than he has recovered against the principal on the same debt—that as a rule the liability of the surety is measured by that of the principal; and, second, that even after a larger sum has gone into judgment against the sureties, the creditor cannot collect anything on the judgment against the sureties, in excess of what would pay and discharge the judgment for a less sum against the principal.

In reference to the first branch of the inquiry, as to whether a larger sum may be recovered against the surety than was recovered against the principal debtors, it might in this case be enough to say that the proper time to make that question was when the second judgment was recovered against the sureties; and that after such judgment had been recovered and the lodg-

ment of an execution thereon, it was not for the sheriff, a minis-terial officer, to suggest that he ought not to be required to enforce the process in his hands for the reason that the recovery was erroneous. But as this question was not raised in the case, we will consider whether the rendition of the second judgment for an amount larger than the first judgment, was error. It seems that the surety defendants did not make the question at the trial. They demurred upon some ground which does not appear, and the demurrer being overruled, there was judgment by default, February 17th, 1879, and the assessment at twelve per cent. was made on the note up to that time and entered into the judgment, which made it to that extent larger than the judgment which had been previously rendered against the principal debtors.

Suppose the sureties had then made the defense that judgment had previously been rendered against the principal debtors for a less sum, could it have been sustained? Although the defend-ants, Cothran and Parker, were only sureties on the note so far as their principal debtors were concerned, their obligation was in terms "we, or either of us, promise to pay," and in regard to the creditor they were original obligors as well as the principal debtors, and might have been sued alone independent of any action against them, and if they had been so sued, can there be any doubt that the interest on the note at twelve per cent. per annum would have been calculated and added in the judgment? Probably, as springing out of this direct relation of the sureties as debtors of the creditor, it seems to have been settled in this State long before the case of *Hellams* v. *Abercrombie*, 15 *S. C.* 110, that a former judgment against the principal debtor, still remaining unsatisfied, could not be pleaded in bar of a subse-quent action on the same note against the sureties. *Treasurers* v. *Bates*, 2 *Bail.* 362; *McDonald* v. *Pickett*, *Id.* 618; *Peters* v. *Barnhill*, 1 *Hill* 234; *Stinson* v. *Brennan*, *Cheves* 16.

In the case of *McDonald* v. *Pickett, supra,* it was held that to "an action on a promissory note brought against the surety in the name of the original payee, it is no defense that the latter had obtained judgment on the same note against the principal." In delivering the judgment of the court, Judge O'Neall said:

"The force of the objection can be tested by a single question, Can the former recovery by the plaintiffs against the principal, Beckham, be pleaded in bar to a recovery in this case without averring satisfaction of it? It is clear that it cannot; and it is equally clear, from the facts already stated, that the judgment is not satisfied." So we may say here, at the time the judgment was rendered against the sureties, the first judgment against the principal debtors was not paid in full. If it had been, it might have been pleaded in bar. It is true that the balance on that case was tendered on January 22d, 1881, before execution was entered, but after the judgment was rendered on the same debt. But that tender of payment could not operate retrospectively and affect the judgment which had already been rendered, and it was necessary for the execution to issue in conformity to the judgment rendered.

But, accepting this view, it is still further insisted that, although the first judgment was not paid until after the second judgment was rendered, the sureties have since paid enough to satisfy the first judgment, principal, interest and costs, and that should operate as satisfaction of the first judgment, and the sheriff should not be required to collect so much of the execution against the sureties as is in excess of the first judgment, arising from the note running for a longer time against them at twelve per cent. interest. Without undertaking now to consider the rights which may exist between the sureties and the principal debtors, but looking to their rights in reference to their creditor and his two judgments, one against the principal and the other against the sureties, we know of no principle which would authorize the court to declare the larger judgment against the sureties satisfied, simply upon it being shown that both judgments were on the same note, and that the first against the principal debtors had been paid in full, principal, interest and costs. One judgment is certainly satisfaction of the other, but only *pro tanto. Day* v. *Hill*, 2 *Spears* 629 ; *Jones* v. *Kilgore*, 2 *Rich. Eq.* 63 ; *Lumpkin* v. *Ferguson*, 10 *Rich.* 424.

In the case of *Jones* v. *Kilgore*, it was distinctly held that "where judgments on the same cause of action are identical in amount, satisfaction of one is satisfaction of all. Where, how-

ever, they are not for the same amount, satisfaction of the one for the smaller sum is only satisfaction *pro tanto* of the others;" or, in, the language of Judge Munro, in *Lumpkin* v. *Ferguson*, *supra*, "That the plaintiff is entitled to but one satisfaction of several judgments rendered against the parties, both having been rendered for the same debt, does not admit of a doubt, upon the well recognized principle, that where there are distinct judgments against different defendants for the same debt, all are extinguished, except as to costs, by the satisfaction of any one of them, without regard to the ultimate liabilities of the defendants to each other. *Davis* v. *Barclay*, 1 *Bailey* 140; *Noonan* v. *Gray*, *Id.* 437. But it is manifest that the rule can only apply where all the judgments are founded on the same cause of action, and are identical in amount, for, were the rule otherwise, the most flagrant injustice would often result from its operation," &c.

The judgment of this court is that the judgment of the Circuit Court be affirmed.